## RILEY PEBBLES *vs.* CITY OF BOSTON.

Middlesex.  January 13. — April 8, 1881.  COLT & FIELD, JJ., absent.

Notice must be given to the state board of health of an appeal from an order of that board, under the St. of 1878, *c.* 183, § 6.

SOULE, J.  This petition for a jury seeks to have a decree of the state board of health, with which the petitioner is dissatisfied, altered or annulled.  To this end he made a petition, in due season after service of the decree, to the Superior Court, for a jury to try the questions involved in determining whether the decree was a proper one or not.  No notice was issued to any one to show cause why the prayer of the petition should not be granted, and the state board of health was not made a party to the proceedings, nor in any way notified of the appeal.  The city of Boston objected, before the jury were empanelled, that for these reasons the proceedings were void; but the objection was overruled, a trial was had, a verdict returned which annulled the decree of the board of health, and was accepted, against the objection of the city of Boston, which appealed to this court.  The question for consideration is whether the state board of health ought not in some way to have been made a party to the proceedings, or informed of the appeal from its decision.

The state board of health was created by the St. of 1869, *c.* 420.  Its chief duty, as stated in the statute, was to take cognizance of the interests of health and life among the citizens of this Commonwealth.  It was required to elect a secretary.  The St. of 1878, *c.* 183, gave to this board, in addition to its other duties and powers, the supervision of all rivers, streams and ponds used by any city or town as sources of water supply, except the Merrimac, Connecticut and Concord Rivers; and made it its duty to examine the same from time to time, and inquire what pollutions exist and their causes; and authorized it, whenever any such source of supply has been polluted in any of the ways forbidden by §§ 1 and 2 of the statute, and in the judgment of the board the public health requires it, to order any person or corporation to desist from violating the law, and

to remedy the pollution, first giving the person or corporation an opportunity to be heard. The action of the board may be either the result of its own observation and discovery, in the investigations called for by the statute, or it may be taken in consequence of an application by a city or town. § 4. Any person aggrieved by an order of the board may appeal therefrom, and shall, within three days from the service thereof on him, apply to the Superior Court, or some justice thereof, for a jury. Otherwise, his right of appeal is gone, except in those cases in which the right is preserved for thirty days, when the person aggrieved, by mistake of law or fact, or by accident, omits to appeal and apply for a jury within three days after service of the order. St. 1865, c. 263. This court, or any justice thereof in term time or vacation, has power to issue an injunction to enforce the order of the board. St. 1878, c. 183, § 5. And "during the pendency of the appeal the pollution against which the order has issued shall not be continued contrary to the order of the said board." § 6.

It is clear from these provisions of law that the proceedings instituted by the person aggrieved by an order of the board must begin with an appeal from the order. They are not in the nature of independent original proceedings, but have their foundation in an appeal. The action of the board of health, whether taken on its own motion as the result of its voluntary investigations, or pursuant to an application by a city or town, is judicial in its character, and an order made by the board, and not appealed from, has the binding force and effect of a judgment by a tribunal of competent jurisdiction. In the case of ordinary judicial proceedings, an appeal can be taken only by filing with the clerk of the court a notice of appeal, or otherwise informing the tribunal appealed from that the party aggrieved intends to avail himself of his right to obtain the judgment of a higher tribunal. If this is not done there is nothing to prevent the enforcement of the judgment by the appropriate process, and the party aggrieved has no means of showing to the appellate tribunal that he is rightfully before it, and so his right is lost.

In the absence of anything in the statute to indicate that appeals from orders of the state board of health are to be taken

in any other way than that which has become familiar in analogous cases before other tribunals, it must be held that they are to be taken in substantially the same way with such appeals; and that the right to appeal can be preserved only by informing the board in some definite and distinct manner that an appeal is taken. It certainly cannot be supposed that the Legislature intended that an appeal may be taken simply by making a petition to the Superior Court or one of its judges for a jury, while the tribunal appealed from is left, in ignorance of the appeal, to proceed, if it sees fit, through the proper application to this court, for the enforcement of its order thus appealed from. If that were the proper interpretation of the statutes they would be singularly clumsy in their operation and effect; and such an interpretation is not to be adopted in prefer-ence to another, which leads to more reasonable results, and is equally consistent with the ordinary meaning of the language used.

The city of Boston objected, at the earliest possible moment, to the proceedings under the petition for a jury, because the board of health had not been notified of the appeal, and was entitled to have the trial by jury refused, and, failing that, to have the verdict set aside. The petitioner, not having entered an appeal with the board of health, was not entitled to a jury.

*Verdict set aside, and petition for jury dismissed.*

*E. P. Nettleton,* for the respondent.

*C. Robinson, Jr., ( W. N. Mason,* with him,) for the petitioner